## GRAY v. HALKYARD and others.[1]

*(Circuit Court, D. Rhode Island. August 16, 1886.)*

PATENTS FOR INVENTIONS—ACTIONS—QUESTIONS FOR JURY.
 Where a bill was filed for infringement of two patents, and, upon the final hearing, the following questions were presented: *First,* whether the plaintiff S. or the defendant H. was the first inventor of the device claimed in one of the patents; and, *second,* had the invention been in public use more than two years before application for said patent? *held,* that the first question presented a simple issue of fact, proper for the determination of a jury, and that the second question, which depended upon conflicting testimony, could be more satisfactorily determined by hearing of the witnesses in person.

In Equity.
Before GRAY and COLT, JJ.

GRAY, Justice. This bill in equity, for the infringement of two patents, has been argued upon the printed record of pleadings and proofs.

In the present state of the law, there can be no doubt that the patent dated September 21, 1880, for an improvement in "lacing-hook stock," is void for want of invention.

With regard to the patent dated June 13, 1882, for improvements in "machines for making lacing-hooks," the case presents questions requiring more consideration, the chief of which may be summed up thus: *First.* Whether the plaintiff Smith or the defendant Halkyard was the first inventor. *Second.* Had the invention been in public use more than two years before Smith's application? *Third.* Are the first, third, and seventh claims void for want of novelty? *Fourth.* Have the second and eighth claims been infringed by the defendants?

The first question presents a simple issue of fact proper for the determination of a jury. The supposed invention was made in the shop of the Union Eyelet Company, in which Smith was superintendent, and Halkyard machinist and tool-maker. Each of them testifies that he was the first inventor, and the real question is, which of them is to be believed? The second question, also, depends upon conflicting testimony, and can be more satisfactorily determined by a hearing of the witnesses in person. It is therefore ordered that these two questions be submitted to a jury of 12 men, to be drawn, summoned, and impaneled in the usual manner; and the further consideration of the case is postponed until a verdict, satisfactory to the judge who presides at the trial, shall have been returned upon these two questions.

Issues to a jury to be framed accordingly.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.